CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
DEC 15 2006
JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| SHEILA D. GRAVITT, | ) | CASE NO. 4:06CV00032 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| | ) | |
| JO ANNE B. BARNHART, Commissioner | ) | By: B. Waugh Crigler |
| of Social Security, | ) | U. S. Magistrate Judge |
| | ) | |
| Defendant. | ) | |

This challenge to a final decision of the Commissioner which partially denied plaintiff's September 17, 2003 claim for a period of disability, disability insurance benefits and supplemental security income benefits under the Social Security Act (Act), as amended, 42 U.S.C. §§416, 423 and 1381 et seq., is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will recommend that an order enter AFFIRMING the Commissioner's final decision, GRANTING her motion for summary judgment and DISMISSING this action from the docket of the court.

In a decision issued on January 10, 2005, the Administrative Law Judge (Law Judge) found that plaintiff, who 45 years old with a high school education and was insured through the date of his decision, had past relevant work as a warp tender, weaver, press machine operator, yarn twister, auto parts production worker, nursing assistant, cloth inspector, fast food worker, cashier and

sewing machine operator and had not engaged in substantial gainful activity since her alleged date of disability onset August 26, 2003. (R. 17,18.) The Law Judge further found that plaintiff suffered "collectively" from a combination of severe impairments, which the Law Judge "best described" in a virtual laundry list in the body of his decision and clearly involved multiple body systems. (R. 22.) However, he further found that, while these impairments prevented plaintiff from performing her past relevant work, they were not severe enough to meet or equal any listed impairment. (R. 22, 25,26.) The Law Judge was of the view that plaintiff's allegations regarding his impairments and their impact on her ability to work were "not fully credible." (R. 23.) He was of the view that plaintiff possessed the residual functional capacity (RFC) to perform less than a full range of sedentary work and had no transferrable skills. (R. 25.) Acknowledging that the Medical-Vocational Guidelines ("grids") could be used only a framework, the Law Judge relied on the testimony of a vocational expert (VE) and found that there were gainful sedentary jobs in the economy which were available to her. (R. 25, 27.) Accordingly he found plaintiff not disabled under the Act.

Plaintiff appealed the Law Judge's decision to the Appeals Council. The Council found no basis in the record to review the Law Judge's Amended Decision. (R. 6-9.) Accordingly, the Appeals Council denied review and adopted the Law Judge's Amended Decision as the final decision of the Commissioner. This action ensued.

In her brief supporting her motion for summary judgment, plaintiff first contends that the Appeals Council erred by declining to extend the time for her to file additional evidence. The Commissioner opposes the motion. She believes the court is without jurisdiction to review the decision by the Council denying an extension of time to file additional evidence because that kind

of decision is not a final one by the Commissioner, under 42 U.S.C. 405(g). The undersigned agrees.[1]

Nevertheless, the Council did render an adverse decision on the merits of plaintiff's claims which was adopted as a final decision by the Commission. The court does have jurisdiction to entertain plaintiff's argument that the decision was legally erroneous and is not supported by substantial evidence. Plaintiff's pleadings make a generalized claim that the Commissioner's final decision is not supported by substantial evidence, though no specific support for that contention is provided.

The Commissioner takes the position that the Law Judge, in finding there were jobs which she could perform, "generously accounted" for plaintiff's functional limitations, and that his assessment of her residual functional capacity (RFC) for a limited range of sedentary work is supported not only by the objective medical evidence but also by her own testimony. (Def's Brief at 15-16.) The Commissioner offers that, with the exception of laser surgery for her eyes, plaintiff was treated conservatively, and that she did not always comply with her prescribed treatment. The clinical evidence suggests to the Commissioner that when plaintiff did comply, her symptoms seemed controlled; when she did not comply they were worse. The Commissioner also notes that observations of a consulting examiner, which was not inconsistent with the views offered by the State Agency record consultants, supported the examiner's conclusion that plaintiff was able to perform sedentary work. (Def.'s Brief at 18; R. 243-244.)

In addition, the Commissioner asserts that both plaintiff's testimony concerning her daily

---

[1] It is a bit odd that if evidence was acquired by the plaintiff was new, material and not considered by the Commissioner in the first instance, that evidence could have been proffered to the court with a motion for remand. However, plaintiff has not elected to do that.

3

activities and the vocational evidence substantially support the Law Judge's decision. (Def.'s Brief at 19-20.) The Commissioner believes that the activities plaintiff reported clearly substantiate her ability to perform a limited range of sedentary work. The VE identified specific jobs which were available in significant numbers for a person with the limitations found by the Law Judge.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. *Hayes v. Sullivan*, 907 F. 2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F. 2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary support. 20 C.F.R. §§ 404.1527 and 416.927; *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

There is no question that plaintiff suffers severe impairments which interfere with her ability to work. As mentioned, plaintiff has not particularized any specific flaw in the decision, nor has she demonstrated good cause to remand. Nevertheless, the undersigned independently reviewed the evidence in the record before the court, remembering that the question is not whether the court would have reached the same conclusions as those reached by the Law Judge, but whether there is substantial evidence in the record to support the Commissioner's final decision adopting those conclusions. The undersigned finds that Commissioner's detailed arguments are meritorious. The medical and other evidence the Commissioner cites does substantially support the Law Judge's determination of plaintiff's RFC. Moreover, when the VE considered all the relevant

and material evidence both in the record, offered at the hearing and factored into the Law Judges questions to him, as is required by the decisional authority in this Circuit, he found that sedentary jobs existed in significant numbers in the economy for a person with plaintiff's work-related capacity and limitations.

Accordingly, it is RECOMMENDED that an order enter AFFIRMING the Commissioner's final decision, GRANTING the defendant's motion for summary judgment and DISMISSING this action from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(l)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

December 15, 2006
Date